No. 13.—JOHN W. WALKER and others, plaintiffs in error, *vs.* HENRY P. WOOTTEN and another, administrators, &c. defendants in error.

[1.] The defendant to a bill, after answering the bill, dies. His representatives are made parties, and they file pleas in bar, and the pleas and answer are allowed and ordered " to stand for a hearing at the final trial." At a subsequent term, the plaintiffs move to dismiss the pleas on two grounds: First, that the deceased party had answered and filed no pleas. Secondly, that the pleas were not sworn to : *Held*, that the motion was properly overruled.

Walker *et al.* *vs.* Wooten and another, adm'r, &c.

[2.] If, on a settlement between trustee and *cestui que trust*, the trustee tell the *cestui que trust* that he owes him nothing more, the Statute of Limitations begins, from that moment, to run in favor of the trustee.

[3.] An administrator, after a settlement with the distributees, makes a return to the Court of Ordinary, in which he states matters occurring before the settlement, and the payments made at the settlement, but states nothing occurring afterwards : *Held,* that this return is not sufficient to take the case out of the Statute of Limitations, which had begun to run in favor of the administrator from the time of the settlement.

[4.] The party that seeks to open the settlement of an account, has upon him the burden of showing error in the settlement, and error resulting from accident or mistake, or the fraud of the other party.

[5.] It is not error in the Court, in charging the Jury, to assume as true what is admitted by the parties to be true.

In Equity, in Wilkes Superior Court.      Tried before Judge ANDREWS, March Term, 1855.

In 1823, William Walker died, and Thomas Wootten was appointed administrator upon his estate, consisting of lands, slaves, &c.   Walker left three children and a widow.   One of the children died before his arrival at age, and administration was taken on his estate.   John W. Walker, and Merriwether T. Walker, the remaining children, in 1847, filed a bill against Thomas Wootten, as administrator, for an account and settlement.   To this bill, Thomas Wootten answered, denying that he had any more in his hands, and setting forth receipts of one of the complainants, and of the guardian of the other, he being a minor until within a year before the filing of this bill.   Pending the suit, Thomas Wootten died, and Henry P. Wootten and another, were appointed his administrators, and as such, made parties to this bill.   They filed two pleas to this bill : *one* setting forth a settlement with one of complainants and the guardian of the other ; and the *other*, a plea of the Statute of Limitations.   The following are copies of the receipts relied on :

" Received of Thomas Wootten, adm'r of William Walker and John Walker, dec'd, the sum of Seven Hundred and

Forty-six Dollars and Forty Cents, as part of my distributive share of the estate of said estate, this 29th Dec. 1838.

(Signed,)        MERRIWETHER T. WALKER.

" Received of Thomas Wootten, adm'r of John Walker and William Walker, dec'd, the sum of Seven Hundred and Twenty-six $\frac{84}{100}$ Dollars, which appears from a settlement I have this day made in full of the distributive share of William Walker, a son of William Walker, dec'd, in said estate. This settlement subject to the revision, if he thinks proper, of Robert Walker, guardian of said William Walker. January 23rd, 1840.

(Signed,)        ROBERT TOOMBS,
Att'y for Rob't Walker, as aforesaid."

At a subsequent term, an order was taken, " that the plea and answer be allowed, and that said plea and answer stand for a hearing at the final trial of the cause."

At the March Term, 1855, when this cause was ready for trial, the Solicitors for complainant moved to strike out the said pleas—1st. Because the original defendant, Thomas Wootten, had answered in full, without entering these pleas. 2nd. Because the defendants had not complied with the rules of Equity as to amendments to sworn answers. The Court over-ruled the motion, and complainants excepted.

The complainants then filed a replication to these pleas and answer, admitting that there had been a settlement, but alleging, generally, fraud, accident and mistake therein; and especially, that in 1846, the administrator, Thomas Wootten, made a return to the Ordinary, as administrator, which return was the first notice complainants had of the credits there claimed by the administrator; and that said return showed large amounts against the administrator.

It was admitted on the trial, that the administrator upon the estate of the deceased child, never received any part of his estate.

The complainants put in evidence the return of 1846, which appears to be a return of the acts of the administrator, prior to the alleged settlement in 1840, and not returned till 1846.

The following evidence was then offered by defendants:

*John H. Dyson,* at the request of Thomas Wootten, assisted Mr. Toombs, (who was then Attorney for complainants,) in 1840, in making a calculation and settlement upon the said estate. He made the calculation, and *and all the vouchers returned in the return of* 1846 were before him at the time. Commissions were allowed the administrator, though he had not made regular returns. The receipt given by Mr. Toombs, was subject to the ratification of the guardian, but the administrator denied owing anything more. It appeared that M. T. Walker had been been overpaid $20.

*Robert Toombs* confirmed this evidence; and farther, that he notified his clients that the administrator denied owing anything more.

The complainants, in rebuttal, proved by *Robert Walker,* that he was astonished at the result when notified by Col. Toombs. Was not satisfied; but did not know how he could correct it, not seeing any returns.

The Court charged the Jury, "that the Statute of Limitations ran from the settlement of 1840, notwithstanding the return of 1846, unless there was something disclosed by that return which was concealed in the settlement, material to the rights of complainants. That whether the Statute commenced running at the time of settlement, depended on the disclaimer of the administrator, Wootten, to owe the complainant anything more; and that such disclaimer was a continued adverse holding, until he might, in some form, subsequently retract or admit his trusteeship. That though the return of 1846 might show, according to calculation, a balance against Wootten, as administrator, that would not avoid the operation of the Statute, as the running of the Statute depended on the disclaimer of the administrator and notice to the complain-

ants, and not the state of the account, though the balance might have been against him.

That the simple return of 1846, was not a resumption of the trust, unless it disclosed that the administrator had done some act since the settlement of 1840. That the simple return and recording of his acts up to the settlement, and of the settlement itself, were no resumptions of the trust. The Court further charged, that the Statute of Limitation did not bar John W. Walker, if the Jury believe, from the proof, that he came of age within four years of the filing of complainants' bill.

The Court further charged, that this case came up differently from ordinary bills for account. In this case, the defendants having relied on and proven a settlement, and complainants having replied thereto, it was incumbent on them to prove their replication, they holding the affirmative of the issue ; and unless the settlement could be shown to be wrong, it would be a complete bar to complainants' case. That said settlement could not be proven to be wrong by simply showing from a calculation of all the returns, that such calculation differed from the settlement of 1840. That it must be shown that the settlement was made on an incorrect data—that some material facts were concealed ; or it must be attacked upon some ground other than disagreement with a subsequent calculation. That the parties had a right to concede, and may have conceded, some of their legal rights in the settlement. That they may have had other proof before them than what now appears.

The Court charged, according to the state of the pleadings, it was incumbent on the defendants to show that there was administration on the estate of James Walker, brother of complainant ; otherwise, they were entitled to take into this bill the portion of the estate of William Walker, the portion coming to said James, as one of his distributees. But if it was satisfactorily proven to the Jury, that there was administration on the estate of said James Walker, then complainants had

no right, under this bill, to claim any portion of said James' estate, but must look to his administrator.

To all of which charge complainants excepted, and have assigned error thereon.

H. & G. J. GREEN, for plaintiffs in error.

TOOMBS, for defendants in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The motion to dismiss the pleas was properly over-ruled.

When the representative of a deceased party to a suit, succeeds to that party's place in the suit, he, of course, succeeds to that party's rights. Whatever pleas, therefore, Thomas Wootten could have filed, if he had not died, his administrators after, they succeeded to his place, could equally file.

The other ground assigned for the motion, that the pleas were not sworn to, might, perhaps, have been sufficient, had the motion been made earlier. But the motion not having been made until the lapse of a term or more after the Court had ordered that the plea and answer should be allowed and should stand for a hearing at the final trial of the cause, this ground was not sufficient.

Besides, had the motion been sustained and the pleas dismissed, the defendants would, under the Amendment Act of 1854, have been allowed, forthwith, to insert in their answers the matter contained in the dismissed pleas. So, the only question was, whether the matters stated in the pleas should be stated in the form of a plea or in that of an answer?

[2.] The charge of the Court as to the time when the Statute of Limitations *commenced* to run in favor of Thomas Wootten, is supported by three decisions of this Court. (*Scott vs. Haddock and Wife,* 11 *Ga.* 258. *Morgan vs. Morgan,* 10 *Ga.* 297. *Keaton vs. Greenwood,* 8 *Ga.* 97.)

It seems that six or eight years after the settlement be-

·tween Thomas Wootten, as administrator, and the complainants, he made a return to the Court of Ordinary. The return, however, according to the evidence, contained nothing which was not taken into the account at the time of the settlement—nothing which happened afterwards. In respect to this point, the charge of the Court, in substance was, that the fact that this return was made after the settlement, did not amount to an admission sufficient to take the case out of the Statute of Limitations. And we think the charge was right.

[3.] It was the duty of the administrator to return all of his actings and doings, (including the payments on final settlement,) to the Court of Ordinary. How could he return these payments until after they were made; that is, until after the final settlement? And as a matter of course, the return, when made, would have to include all matters occurring before the settlement and after the last previous return. Is such a return to be construed into an admission, that he still has in his hands assets—an admission, that he ceases to stand upon the rights which he obtained by the settlement? Certainly not.

One of the pleas in bar of the defendants, was a settlement in full between their intestate and the complainants. To this plea, the complainants replied, admitting the settlement but insisting in general terms, that there had been "fraud, accident and mistake" in the settlement. They stated no particulars of fraud, of accident, or of mistake.

In support of this part of the replication, the complainants relied solely upon the return made by the administrator, subsequently to the settlement; which showed, as they insisted, more to have been due to them than they obtained in the settlement; and therefore showed, as they argued, that there must have been some fraud, accident or mistake in the settlement.

[4.] The Court's charge on this point, in effect, was, that the settlement was not to be set aside or opened, although a calculation made from the naked return, might show in favor of the complainants a larger balance than the amount they received in the settlement. And in this we think the Court was right.

For, first, there was no evidence to show that all the matters which entered into the settlement, appeared on the face of the return.    There was no evidence to show that the parties settled at all by the return.    On the contrary, there was evidence to show that they could not have settled, in whole or in part, by the return; for there was evidence, that about six years had elapsed after the settlement before the return was made.    And in such a case, if an error exists, it is at least as likely that it will be found to be in the return as in the settlement.    Secondly, there was no evidence to show the difference between the balance deducible from the face of the return, and the amount paid over by the administrator, not to have been known to both sides; and so, no evidence to show that difference not to have been itself taken into consideration in the settlement; that is to say, there was nothing to show accident or mistake, or the fraud of the administrator to have been the reason why the amount paid over, was not as great as, judging from the face of the return, it ought to have been; and to open the settlement of an account, there is, upon the party who seeks to open it, a burden, to show not only an error but an error resulting from accident or mistake, or the fraud of the opposite party.    (*Story's Eq. Jur.* §527.) Errors known to both sides at the time of a settlement between them, cannot, by either, be made a ground for opening the settlement.

The facts of this case being such as they were, it was not wrong in the Court to use, in the charge, the language, "the defendant having relied on and proven a settlement," &c. The question, whether there had been a settlement, was not in issue.    That there had been one, was expressly *admitted* by the complainants in their replication.    To set it aside or to open it, was all they sought to have effected.

So, we think the decisions of the Court below ought to be affirmed.

In conclusion, I may remark, that in strictness, the question, whether there was an error in the settlement occasioned by fraud, accident or mistake, was not in issue.    This ques-

tion was raised, not in the bill, but in the *replication;* and being only in the replication, the defendant could neither answer it yea nor nay.    A replication puts in issue what is contained in the answer—not new matter which is contained in the replication itself.    But, indeed, such a replication as this is perfectly anomalous.